UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERON FRANKLIN,<br><br>                      Plaintiff,<br>    v.<br>STATE OF NEVADA, et al.,<br>                      Defendants. | Case No. 3:23-cv-00291-ART-CSD<br><br>ORDER |

      Plaintiff Teron Franklin ("Plaintiff"), who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint ("Complaint") under 42 U.S.C. § 1983, an application to proceed *in forma pauperis,* and a motion for leave to file excess pages. (ECF Nos. 1, 3-1, 3-3.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's Complaint under 28 U.S.C. § 1915A and disposes of the motion.

I. **SCREENING STANDARD**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States,

and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See*

1  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of
2  the elements of a cause of action is insufficient. *See id.*

3  Additionally, a reviewing court should "begin by identifying pleadings
4  [allegations] that, because they are no more than mere conclusions, are not
5  entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
6  "While legal conclusions can provide the framework of a complaint, they must
7  be supported with factual allegations." *Id.* "When there are well-pleaded factual
8  allegations, a court should assume their veracity and then determine whether
9  they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a
10 complaint states a plausible claim for relief . . . [is] a context-specific task that
11 requires the reviewing court to draw on its judicial experience and common
12 sense." *Id.*

13 Finally, all or part of a complaint filed by an incarcerated person may be
14 dismissed *sua sponte* if that person's claims lack an arguable basis either in law
15 or in fact. This includes claims based on legal conclusions that are untenable
16 (*e.g.*, claims against defendants who are immune from suit or claims of
17 infringement of a legal interest which clearly does not exist), as well as claims
18 based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See*
19 *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*,
20 932 F.2d 795, 798 (9th Cir. 1991).

21 **II.   SCREENING OF COMPLAINT**

22 In his 136-page Complaint, Plaintiff sues over 20 defendants for events
23 that took place while he was incarcerated at Northern Nevada Correctional
24 Center ("NNCC"). (ECF No. 3-1 at 1.) Plaintiff brings four claims under the First,
25 Eighth, and Fourteenth Amendments and seeks monetary and injunctive relief.
26 (*Id.* at 49–86.)

27 The claims arise out of different transactions, occurrences, or series of
28

transactions and involve different defendants or groups of defendants. The Court dismisses the entire Complaint without prejudice with leave to amend because Plaintiff's 136-page Complaint does not comply with the Federal Rules of Civil Procedure ("FRCP"). The Court now advises Plaintiff of the following requirements under the FRCP in order to facilitate the filing of a properly formatted amended complaint. Plaintiff is advised that the failure to comply with these rules when drafting and filing his amended complaint may result in this action being dismissed.

### A.   FRCP 8, 10, 18, and 20

Plaintiff's Complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

The function of the Complaint is not to list every single fact relating to Plaintiff's claims. If Plaintiff wishes to amend his Complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of FRCP 8. A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a]

buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the PLRA. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under FRCP 18. Plaintiff may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined.

In the instant case, Plaintiff brings several different claims against several different prison officials that are unrelated and cannot proceed in a single action. For example, Plaintiff raises claims pertaining to due process, medical care for different issues, and failure to protect. *See generally* ECF No. 3-1. If Plaintiff elects to amend his Complaint, he must choose which related claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### B.   Motion Seeking to Exceed Page Limit (3-3)

The Court denies Plaintiff's motion to exceed the 30-page limit for civil rights filings by *pro se* inmates (ECF No. 3-3) because the Court has dismissed

the entire Complaint without prejudice with leave to amend for failure to comply with the FRCP.

### III.   LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the Complaint. If he chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, and he must also comply with the FRCP. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint." If Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, he will file the amended complaint within **30 days** from the entry date of this order.

### IV.   CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 3-1) and send Plaintiff a courtesy copy.

It is further ordered that the entire Complaint (ECF No. 3-1) is dismissed without prejudice with leave to amend for failure to comply with the FRCP.

It is further ordered that Plaintiff's motion seeking leave to file excess pages (ECF No. 3-3) is denied without prejudice.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint, as outlined in this order, he will file the amended complaint within **30 days** from the entry date of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS 2nd day of August 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE