UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERON FRANKLIN,<br><br>               Plaintiff,<br>vs.<br>STATE OF NEVADA, et al.,<br><br>               Defendants. | Case No. 3:23-cv-291-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE<br>(ECF No. 20) |

Plaintiff Teron Franklin brings this action under 42 U.S.C. § 1983. The Court screened Plaintiff's first amended complaint, which allows Plaintiff to proceed with Eighth Amendment, Fourteenth Amendment, and First Amendment claims (ECF No. 11.) Plaintiff subsequently filed an emergency motion for preliminary injunction, seeking an order to: (1) prohibit Defendants from selling or disposing of any property which pertains to this matter; and (2) prohibiting Defendants from harassing, disturbing the peace, or committing assault against Plaintiff. (ECF No. 14.) After ordering a response from Defendants, Magistrate Judge Denney issued a Report and Recommendation ("R&R") recommending denial of Plaintiff's motion for preliminary injunction without prejudice. (ECF No. 20.)

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1)(C). Where, as here, neither party objects to a magistrate judge's recommendation, the district court is not required to perform any review of that judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Because Plaintiff has not objected, the Court conducts no review of Judge Denney's R&R and adopts it in full.

1 Judge Denney recommends denial of Mr. Franklin's motion for preliminary injunction without prejudice on the grounds that Plaintiff failed to adequately demonstrate irreparable harm, and an insufficient nexus exists between the allegations in Plaintiffs' complaint and the allegation in his motion for a preliminary injunction. Because this motion is denied without prejudice, Plaintiff is not precluded from filing another motion for preliminary injunction. The Court notes that to succeed on a motion for preliminary injunction, a plaintiff must allege *specific* facts which "clearly show that immediate and irreparable injury, loss, or damage will result..." Fed. R. Civ. P. 65(b)(1)(A). Additionally, there must be a connection between the allegations in his complaint and the specific facts forming the basis of his preliminary injunction. *Pacific Radiation Oncology, LLC v. Queens Medical Center*, 810 F.3d 631, 636 (9th Cir 2015). A court can only grant a preliminary injunction where the relief requested it is of the same nature as the relief which could be granted finally in the case. *Id.* Where there is no connection, the Court notes that new assertions of misconduct can give rise to additional claims against a defendant – and may be brought in another action – even if they do not support a preliminary injunction. *Id.*

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 20) is ADOPTED.

It is further ordered that Plaintiff's motion for preliminary injunction (ECF No. 14) is DENIED without prejudice.

Dated this 10th day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE