**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERON FRANKLIN,<br><br>　　Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　Defendants | Case No.: 3:23-cv-00291-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 32 |

　　Before the court is Plaintiff's motion for appointment of counsel. (ECF No. 32.)

　　"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff's asserts that counsel should be appointed because he is on psychiatric medication that alters his way of thinking and processing information as well as his functioning with and understanding people. In addition, he has been placed in the structural care unit (SCU) because he needed help with daily activities. He points out that he was appointed counsel in case 3:18-cv-00522-CLB.

While Plaintiff was appointed counsel post-summary judgment, for the purpose of assisting with trial in case 3:18-cv-00522. The order to appoint counsel was issued in January 2023, and the trial and ultimate settlement took place over a year ago, in June 2024.

This case is still in the early stages and thus far, Plaintiff has demonstrated an ability to adequately articulate himself and his claims in his filings with the court. Moreover, Plaintiff has not demonstrated a likelihood of success on the merits of each of his claims.

For these reasons, Plaintiff's motion for the appointment of counsel will be denied at this juncture.

## CONCLUSION

Plaintiff's motion for the appointment of counsel (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 20, 2025

_____
Craig S. Denney
United States Magistrate Judge

2