UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERON FRANKLIN,

Plaintiff,

vs.

STATE OF NEVADA, et al.,

Defendants.

Case No. 3:23-cv-00291-ART-CSD

ORDER ON REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF No. 60)

Plaintiff Timothy Johnson brings this action under 42 U.S.C. § 1983 for events occurring while Plaintiff was housed at Ely State Prison (ESP) and Northern Nevada Correctional Center (NNCC). The Court screened Plaintiff's first amended complaint (FAC) and allowed Plaintiff to proceed with claims under the Eighth Amendment for failure to protect and excessive force, the Fourteenth Amendment regarding alleged forced medication and his sex offender classification, and a First Amendment retaliation claim. (ECF No. 11.) Before the Court is Plaintiff's motion to dismiss the settlement agreement or reschedule talks. (ECF No. 51.) Also before the Court is Judge Denney's Report and Recommendation (R&R) recommending that Plaintiff's motion be denied, and this action be dismissed with prejudice. (ECF No. 59.) Plaintiff objected, and Defendants responded. (ECF No. 60, 63.)

## I. Factual Background

The following facts are adopted from the R&R: The parties participated in a settlement conference, and reached a settlement of his matter on February 20, 2026, and the material terms were recited on the record. (ECF No. 39, 40, 49.)

On March 26, 2026, Plaintiff filed this motion to dismiss the settlement agreement or reschedule talks. (ECF No. 51.) He attaches the signed settlement agreement as an exhibit to his motion. The settlement agreement included the

following material terms: (1) NDOC will provide Plaintiff with various personal property items; (2) NDOC will expedite a medical appointment for Plaintiff with an NDOC physician to evaluate Plaintiff's right knee, and will seek to effectuate any recommendations of the physician in accordance with NDOC policies and procedures; (3) NDOC will reinstate Plaintiff's visitation privileges with his minor children; and (4) NDOC will pay Plaintiff $1,500 in his Trust 2 account. (ECF No. 51 at 3.)

In his motion, Plaintiff states that Defendants have not forwarded him the agreed upon $1,500 or "all other things settled upon." He asks the court to direct Defendants to make good on all offers within 72 hours or void the agreement.

On April 6, 2026, Defendants filed a status report regarding completion of the terms of the settlement agreement, stating that as of that date, Plaintiff had received the used property, his visitation privileges had been reinstated, and the $1,500 had been deposited into his Trust account. The scheduling of his expedited medical appointment was still pending, but NDOC was working on prioritizing the appointment or seeking to conduct it through a third-party provider. (ECF No. 52.)

The court ordered Defendants to file a stipulation and proposed order for dismissal with prejudice, or a status report explaining the status of the completion of the remainder of their obligations under the agreement by April 30, 2026. (ECF No. 53.)

Defendants filed a response to the motion to dismiss the settlement agreement on April 9, 2026, arguing that Plaintiff failed to include points and authorities with his motion and no analysis why the settlement should be dismissed or voided. (ECF No. 54.)

Plaintiff filed a reply. He acknowledges that he has now received the $1,500, but he had not yet seen a doctor for his knee. He also said he had not received an indication his file had been cleared of the false child molester allegations, but

this was not a term of the agreement. (ECF No. 55.)

On April 30, 2026, Defendants filed a document certifying compliance with the court's order at ECF No. 53 to file the stipulation for dismissal, but they note that the Deputy Attorney General who completed and signed the stipulation for dismissal is no longer with the Attorney General's Office. The signed stipulation for dismissal was, however, attached as an exhibit. (ECF Nos. 56, 56-1.)

On May 5, 2026, the court issued an order noting that Defendants' filing did not specifically address whether they have completed their obligations under the terms of the settlement agreement, specifically, whether Plaintiff has had the expedited medical appointment to evaluate his right knee. The court ordered Defendants to file a status report concerning compliance with their obligations under the terms of the settlement agreement, and in particular, whether Plaintiff had the medical appointment to evaluate his right knee, and if so, the results of any appointment. Alternatively, Defendants were to provide an explanation why they appointment had not yet occurred. (ECF No. 57.)

On May 12, 2026, Defendants filed a status report indicating that Plaintiff saw a medical provider on April 30, 2026, with the understanding that any recommendations or orders made by the provider will be followed in accordance with NDOC policies and procedures. The filing also confirms they have completed all other material terms. (ECF Nos. 58, 58-1.)

## II. Review of Reports and Recommendations

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985). Here, because Plaintiff has objected, the Court reviews the issues *de novo*.

**III. Legal Standard**

The construction and enforcement of settlement agreements are governed by principles of state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013) (quoting *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004)). "That is true, 'even where a federal cause of action is settled or released.'" *Id.* (quoting *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993)). "Under Nevada law, 'a settlement agreement['s] construction and enforcement are governed by principles of contract law.'" *Id.* (citing *May v. Anderson*, 121 Nev. 668, 119 P.3d 1254, 1257 (2005)).

**IV. Analysis**

Under the terms of the settlement agreement, the Court retains jurisdiction for purposes of enforcing the settlement until the stipulation for dismissal with prejudice is granted. (ECF No. 51 at 5.) The parties signed a stipulation and order to dismiss this action with prejudice. The agreement provides that within 45 days of it being signed, NDOC will file the stipulation, or alternatively, if the terms of the settlement are not yet completed, a status report explaining what terms remain to be completed, why, and when NDOC anticipates they will be completed. (ECF No. 51 at 4.)

Plaintiff can then object to the status report within 7 days, and unless the court orders otherwise, NDOC must file another status report within 30 days or file the stipulation for dismissal. (*Id.*) If there is any delay in completing the terms of the agreement, the parties agree that a motion to enforce will not be filed until after the time frames above have fully expired. (*Id.*)

Plaintiff filed a motion to dismiss the settlement on March 26, 2026, which the R&R determined was premature, because he did not wait for the expiration of the deadlines in paragraph six of the agreement. Because this motion was

premature, the R&R recommends that the motion to dismiss the settlement agreement should be denied.

Plaintiff objects to the R&R on the grounds that Defendants did not satisfy the settlement agreement when they failed to meet its terms within 30 days. (ECF No. 60 at 3.) He asks the Court to sanction the Defendants for failing to meet those terms within the timeline. (*Id.* at 5.) While Plaintiff is correct that the settlement agreement states that it shall be completed in 30 days, it also provides avenues for Defendants to submit a status report when those terms have not yet been met within 45 days. (ECF No. 51 at 4.) Defendants filed a status report in this case indicating that Plaintiff was seen by a medical provider per the agreement on April 30, 2026. (ECF No. 58, 58-1.) Though Plaintiff does not dispute that he had the appointment, he states that he is "still waiting to see [a] provider for diagnosis." (ECF No. 60 at 5.) Defendants acknowledged in their status report that any recommended follow up from that appointment would be pursued in accordance with their policies. (ECF No. 58.) The Court finds on the basis of these representations that Defendants have complied with all of the terms of the settlement. (ECF No. 63.)

## V. Conclusion

It is therefore ordered that Plaintiff's objection to Judge Denney's Report and Recommendation (ECF No. 60) is OVERRULED.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 59) is ADOPTED IN FULL.

It is further ordered that Plaintiff's Motion to Dismiss Settlement (ECF No. 51) is DENIED, and the case is DISMISSED WITH PREJUDICE pursuant to the filed stipulation for dismissal with prejudice (ECF No. 56-1.)

It is further ordered that Defendants' Motion for Extension of Time (ECF No. 61) is GRANTED.

It is further ordered that Dante Pattison's Motion to Intervene as Plaintiff

in Franklin v. Nevada is DENIED AS MOOT. (ECF No. 62.)

It is further kindly ordered that the Clerk of the Court CLOSE this case.

Dated this 25th day of September, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE